# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

TRANSCARDIAC THERAPEUTICS, INC.,

   Plaintiff and Counterclaim Defendant,

v.

AJIT YOGANATHAN, PH.D., JORGE H. JIMINEZ, PH.D., VINOD H. THOURANI, M.D., and GEORGIA TECH FOUNDATION, INC.,

   Defendants,

and

EMORY UNIVERSITY and GEORGIA TECH RESEARCH CORPORATION,

   Defendants and Counterclaim Plaintiffs,

v.

OMAR M. LATTOUF, M.D., PH.D.,

   Additional Counterclaim Defendant.

Civil Action No. _____

## DEFENDANT EMORY UNIVERSITY'S
## SECOND NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1446 and 1454,

Defendant Emory University ("Emory") hereby removes this action to the United

States District Court for the Northern District of Georgia from the State Court of Fulton County, Georgia, the Court in which the case was originally filed.  In support of this Second Notice of Removal, Emory states as follows:

## TIMELINESS OF REMOVAL

1.     On August 9, 2013, Plaintiff TransCardiac Therapeutics, Inc. ("Plaintiff") filed this action in the State Court of Fulton County, Georgia (the "State Court"), Case No. 13EV017957B.  After Plaintiff served Emory, Emory timely removed this action to the United States District Court for the Northern District of Georgia, Atlanta Division (the "Federal Court") on September 16, 2013.

2.     Plaintiff timely filed a motion to remand on October 14, 2013.

3.     On February 28, 2014, the Federal Court signed an order remanding this action to the State Court (the "Remand Order").  The parties received electronic notice of the Remand Order on March 3, 2014.

4.     The Remand Order acknowledged that Emory (or other Defendants) might assert a counterclaim seeking a declaratory judgment under federal patent laws and that such counterclaim(s) might support federal jurisdiction under 28 U.S.C. § 1454.  Nevertheless, the Remand Order found that the case stated by Plaintiff's initial Complaint was not removable.

5.     Emory and Defendant Georgia Tech Research Corporation ("GTRC") asserted federal patent law declaratory judgment counterclaims on March 31, 2014. Specifically, Emory and GTRC seek the entry of declaratory judgments relating to inventorship of U.S. Patents, pursuant to 35 U.S.C. § 256.

6.     Pursuant to 28 U.S.C. § 1446(b)(3), where "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an … order or other paper from which it may first be ascertained that the case is one which is or has become removable."

7.     In an abundance of caution, Emory files this Second Notice of Removal within 30 days of its receipt of the Remand Order and promptly after its filing of a federal patent law declaratory judgment counterclaim.

**VENUE**

8.     This case properly may be removed to the Federal Court pursuant to 28 U.S.C. § 1454(a), because the Federal Court is the federal district and division embracing the place where the State Court Action is pending.  *See also* 28 U.S.C. §§ 90, 1446(a).

## JURISDICTION

9.     This is a civil action under which this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367; *see also* 28 U.S.C. § 1295 (addressing appellate jurisdiction over federal patent issues).  Emory properly may remove pursuant to 28 U.S.C. §§ 1446 and 1454, because the matter involves federal questions relating to patents exclusively reserved for consideration by the federal courts, as described in further detail below.

10.     On March 31, 2014, Emory and GTRC each filed counterclaims for declaratory judgments expressly based upon federal patent laws, including 35 U.S.C. § 256.

11.     Federal courts have original jurisdiction over actions in which a federal patent law counterclaim is presented.  *See, e.g.,* 28 U.S.C. § 1338(a) (providing for federal jurisdiction over patent claim and specifically providing that "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents …."); 28 U.S.C. § 1454(a) (providing for removal of an action in which "any party asserts a claim for relief arising under any Act of Congress relating to patents . . . ."); *see also University of Ky. Research Foundation, Inc. v. Niadyne, Inc.*, Civ. No. 13-16-GFVT, 2013 WL 5943921, at *5 (E.D. Ky. Nov. 5, 2013) (explaining that statutory revisions implemented by 2011

America Invents Act "had the effect of abrogating *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*[, 535 U.S. 826 (2002),] by allowing counterclaims arising under federal patent law to provide grounds for federal removal jurisdiction").

**OTHER PROCEDURAL REQUIREMENTS**

12.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders originally served on Emory in the State Court Action or in the first Federal Court action (C.A. 1:13-cv-03089-AT) are attached to Emory's Second Notice of Removal as **Exhibits 1-55**.

13.     Promptly after filing this Notice of Removal, Emory will give written notice of the removal to Plaintiff through its attorneys of record in the State Court Action, as well as to the Clerk of Court of the State Court of Fulton County, Georgia, as required by 28 U.S.C. § 1446(d).

14.     Pursuant to 28 U.S.C. § 1454(b)(1), removal may be effected by "any party."  Defendants Vinod Thourani, Georgia Tech Research Corporation, and Georgia Tech Foundation, Inc. have consented to this removal.

WHEREFORE, Defendant Emory University requests that this case be removed from the State Court of Fulton County, Georgia, to this Court.

Respectfully submitted, April 2, 2014.

KILPATRICK TOWNSEND
   & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
jbush@kilpatricktownsend.com
agarrett@kilpatricktownsend.com
robuckley@kilpatricktownsend.com

s/ C. Allen Garrett Jr.
Joel D. Bush II
Georgia Bar No. 098775
C. Allen Garrett Jr.
Georgia Bar No. 286335
Robert E. Buckley
Georgia Bar No. 140280

*Counsel for Emory University*

WE CONSENT:

s/ Jill Warner
Jill Warner
Georgia Bar No. 378472
McRAE BROOKS WARNER LLC
1175 Peachtree Street, N.E.
100 Colony Square, Suite 2100
Atlanta, Georgia 30361
Telephone:  (404) 681-0730
Facsimile:  (404) 681-0780
jwarner@mbwattorneys.com

s/ Holmes J. Hawkins, III
Holmes J. Hawkins, III
Georgia Bar No. 338681
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-2443
Facsimile:  (404) 572-5100
hhawkins@kslaw.com

*Counsel for Georgia Tech Research Corporation and Georgia Tech Foundation, Inc.*

*Counsel for Vinod H. Thourani, M.D.*

- 6 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing

DEFENDANT EMORY UNIVERSITY'S SECOND NOTICE OF REMOVAL

with the Clerk of Court using the CM/ECF system which will automatically send

e-mail notifications of such filing to the attorneys of record, and served it upon all

parties by e-mailing and depositing a copy thereof (without attachments thereto) in

the U.S. mail, first-class postage prepaid, addressed to:

J. Robert Howard
2393 Montview Drive, N.W.
Atlanta, Georgia 30305

William Q. Bird
Kristen L. Beightol
BIRD LAW GROUP, P.C.
2170 Defoor Hills Road
Atlanta, Georgia 30318

John W. Crongeyer, M.D.
CRONGEYER LAW FIRM, P.C.
2170 Defoor Hills Road
Atlanta, Georgia 30318

Jill Warner
McRAE BROOKS WARNER LLC
1175 Peachtree Street, N.E.
100 Colony Square, Suite 2100
Atlanta, Georgia 30361

Holmes J. Hawkins, III
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
hhawkins@kslaw.com

Julie Adams Jacobs
Assistant Attorney General
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

Dated:  April 2, 2014.

KILPATRICK TOWNSEND
  & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

 s/ C. Allen Garrett Jr.
C. Allen Garrett Jr.
Georgia Bar No. 286335
agarrett@kilpatricktownsend.com

*One of the Attorneys for*
*Defendant Emory University*