IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRANSCARDIAC THERAPEUTICS, INC.,

Plaintiff and Counterclaim Defendant,

v.

AJIT YOGANATHAN, PH.D., JORGE H. JIMINEZ, PH.D., VINOD H. THOURANI, M.D., EMORY UNIVERSITY, GEORGIA TECH RESEARCH CORPORATION, and GEORGIA TECH FOUNDATION, INC.,

Defendants,

and

EMORY UNIVERSITY and GEORGIA TECH RESEARCH CORPORATION,

Defendants and Counterclaim Plaintiffs,

v.

OMAR M. LATTOUF, M.D., PH.D.,

Additional Counterclaim Defendant.

Civil Action No. 1:14-cv-00981-AT

# PLAINTIFF'S[1] REPLY TO DEFENDANT EMORY UNIVERSITY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND[2] (AND DEFENDANTS GEORIGIA TECH RESEARCH CORP., GEORGIA TECH FOUNDATION, INC., AND VINOD H. THOURANI, M.D.'S JOINDER)

## I. INTRODUCTION

Plaintiff did not assert any patent law claims and Defendant Emory University ("Emory") has already conceded as much: "[p]laintiff has not specifically alleged a claim pursuant to the federal patent laws[.]" [Doc. 1 at ¶ 7.] Further, Plaintiff TCT is "the master of his own claim" and any "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994). Nonetheless, in its quest to transform this litigation from what it admits are "garden variety" state law claims into supposed federal patent claims, Defendant Emory, on behalf of multiple Defendants[3], supplies the Court with numerous factual and legal misstatements, as outlined and detailed below.

First, Defendants argue that TCT missed the point in arguing that removal cannot be based on a counterclaim. Defendant Emory further claims that TCT relied on post 2011 case law, making its arguments invalid based on the 2011

---

[1] Plaintiff Transcardiac Therapeutics, Inc. will herein be referred to as "TCT" or "Plaintiff."

[2] Defendant Emory University's Opposition to Plaintiff's Second Motion to Remand shall herein be referred to as "Response."

[3] *See* Joinder of Defendants Georgia Tech Research Corporation, Georgia Tech Foundation, and Vinod H. Thourani, M.D., Docs. 36-37. Throughout this Reply, "Defendants" shall refer to all those referenced who joined in Defendant Emory's Response.

America Invents Act ("AIA").[4] However, as set forth in detail below, TCT relies on authority that makes it clear that simply adding counterclaims grounded in federal patent law does not automatically make a case removable, and certainly not when the sole reason for the timing of filing the counterclaims is so that a Defendant can attempt to circumvent the Plaintiff's choice of forum and undermine orders already entered by the court. Additionally, as with its first response to the initial Motion to Remand, which was granted by this Court, Defendants fail to acknowledge proper and binding standards that must be applied to the remand decision before the Court. Specifically, Defendants' Response never acknowledges that it is their "burden" to prove that removal was proper in the first place. *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112 (S.D.N.Y. 2007). Similarly, the Response never concedes that any and all doubts must be resolved **against** its removal. *Id.* at 112. These controlling standards are nowhere recited and are never met by Defendant Emory.

Second, Defendants argue that its removal was timely under 28 U.S.C. § 1446 (b)(3), as the document that put it on notice that this case was removable was supposedly this Court's first Order remanding this case. *See TransCardiac Therapeutics v. Yoganathan, et al.*, 2014 WL 1624086 (N.D. Ga. 2014). Defendants, however, actually knew the basis for their counterclaims that they now

[4] Leahy-Smith American Invents Act, Pub. L. No. 112-29.125 Stat. 284, at § 19 (2011).

assert existed long before this Court first remanded this case. Further, even if this Court were to determine that its first Order remanding this case was the notice document for the purpose of timing under § 1446, Defendants' removal remains untimely.

Third, Defendants argue that this case does not present important issues that arise under state law and that any state law issues are trumped by ancillary federal law counterclaims. As detailed in previous briefings to this Court, however, the contract issues that provide the basis of this action are the type of matter that is specifically referred to by courts as within the purview of the state and not the federal courts. Defendant Emory claims, on behalf of all Defendants, that it is concerned with resolving these issues as one case and not creating a rush to court situation or a contradicting judgments situation. What is truly concerning Defendants, however, is making sure they can present their case in federal, as opposed to, state court. This has been made clear by their multiple attempts to remove this case, despite this Court's Order remanding this case. Only after Defendants' first removal attempt, based on a misrepresentation of the Complaint, failed did the Defendants file their counterclaims. They knew of the possibility of these claims of supposed conflicting inventorship all along, as is objectively demonstrated by the multiple references to them in their own court filings. *See, e.g.*, Defendant Emory's First Notice of Removal, September 16, 2013, Doc. 1, at ¶

5 ("The Complaint filed in the State Court Action includes a number of allegations directly addressing the inventorship of issued patents and pending patent applications."); *Id*. at ¶ 7 ("Although Plaintiff has not specifically alleged a claim pursuant to the federal patent laws, inventorship or other federal patent law issues constitute essential elements…and thus the claims arise under the federal patent laws."); and *Id*. at ¶ 8 ("resolution of Plaintiff's claims in the State Court Action necessarily depends on resolution of a substantial inventorship question."). Thus, the Defendants knew about their possible counterclaims, but chose to keep them in their back pocket, and have only brought them out now as a last ditch effort to forum shop.[5] The facts and the sequence of conduct demonstrate that the Defendants' removal is both procedurally untimely and substantively inadequate to

[5] In addition, one cannot refuse to disclose or respond for years and then, with a declaratory judgment, allege for the first time that patents constitute the real dispute. The 123 patent was prominently featured in the November 16, 2012 letter [Doc. 1-8 at 17, E-2] as TCT's confidentially disclosed information. Rather than respond, the Defendants surreptitiously filed the 836 patent on March 18, 2013, which is a continuation of the 123. These actions reveal the lack of federal controversy, reflect the underlying state controversy, and equal a bad faith refusal to respond. In its footnote (1), Defendant Emory points to its letter of February 4, asking for more information, but its contentions are clearly not genuine. Moreover, Defendant Emory yet again made no response to the lengthy response of April 16 and its many exhibits. In short, the nature of the allegations by TCT were known long before the Court's Remand Order, as demonstrated by: 1) the November 16 letter requested by Emory, 2) the preceding letter of September 2012 and 3) the meeting in summer of 2012 with former attorney general Mike Bowers, *inter alia*. The Defendants know well that a patent of stolen ideas confers no rights and no federal jurisdiction. The crux of this case stems from state law duties and the manner in which Defendants breached these duties and appropriated TCT's ideas and property.

meet their burden for removal. *See Univ. of Ky. Research Found., Inc. v. Niadyne, Inc.*, 2013 U.S. Dist. LEXIS 158018 (E.D. Ky. Nov. 5, 2013) (Rejected removal arguments as untimely under 28 U.S.C. § 1454 and ordering remand); *see also Andrews v. Daughtry*, 2014 U.S. Dist. LEXIS 5299 (M.D.N.C. Jan. 15, 2014) (Order remanding case due to failure of a party to timely remove and for lack of "cause" shown).

Overall, Defendants' combination of misstating TCT's contentions in favor of remand and ignoring binding legal decisions and controlling standards goes far beyond the bounds of a permissible removal. The analysis detailed in Plaintiff's Motion to Remand dictates the proper result here, which is to have this matter remanded.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. THE COMPLAINT IS BASED IN STATE CONTRACT LAW AND DEFENDANTS' COUNTERCLAIMS DO NOT MAKE THIS A CASE RIPE FOR FEDERAL ADJUDICATION

In its initial Response, Defendant Emory said it best: the Complaint is full of "garden-variety contract and tort claims." [Doc. 20 at 22.] Despite this explicit recognition and admission, Defendants are yet again attempting to transform this action into a federal patent law issue in order to keep this litigation in federal court, where it would like to have this matter adjudicated. In so doing, Defendants have added counterclaims which are styled as patent claims. [Docs. 5, 7.] These

counterclaims, however, do not change the fact that the claims in the well-pled Complaint arise from contracts (the Release Letter and Amendments) that merely concern patents (not to mention the non-disclosure agreements, work for hire, Scientific Advisory Board agreements and private rules), which as this court previously held, does not warrant the removal of this case. [Doc. 1-1.] Defendant Emory and the Georgia Tech Defendants, along with Defendant Thourani, should not be permitted to manipulate the pleadings in this case over and over in order to shop for a forum of their choice.

As Defendants should well know, but fail to address in either of their Responses, "a contract action may involve a determination of the true inventor does not convert that action into one 'arising under' the patent laws." *Consol. World Housewares, Inc. v. Frinkle*, 831 F.2d 261, 265 (Fed. Cir. 1987). Additionally, Defendant Emory has failed to show that each theory of recovery for a claim rests solely and singularly on patent law. *Am. Tel. & Tel. Co. v. Integrated Network Corp.*, 972 F.2d 1321, 1324 (Fed. Cir. 1991) ("Under *Christianson*, **every theory of a claim as pled must depend on patent law if there is to be federal jurisdiction**." (Emphasis supplied)). If the Court finds any theory is supported by non-patent grounds (e.g. contract grounds), then remand is appropriate. *Id.* In lieu of restating what was previously briefed and argued to this Court, it suffices to refer to this Court's first remand Order, which held that the Complaint in this case

did not present a federal law patent issue, **even considering the possible counterclaims**, which Defendants now rely on, and giving Defendants the benefit of the doubt. *Transcardiac Therapeutics, Inc. v. Yoganathan*, 2014 U.S. Dist. LEXIS 56658 (N.D. Ga. Feb. 28, 2014). Thus, this Court has already concluded that: 1) the Complaint does not provide a basis for adjudicating this case in federal court; and 2) even knowing Defendants were likely going to file federal patent law counterclaims, as they now have, would not and does not change this Court's decision to remand this case the first time.

Defendants assert that their counterclaims automatically make this case proper for federal court adjudication.[6] That is incorrect. Very recently, another judge in this Court's district upheld the *Holmes Group* rule. *Midfirst Bank v. Burton*, 2013 WL 6196538, No. 1:13-CV-3122-WSD (N.D. Ga. Nov. 27, 2013); *Savannah Midtown LLC v. McDonald*, 2013 WL 6196559, No. 1:13-CV-3530-WSD (N.D. Ga. Nov. 27, 2013). Specifically, in *Midfirst*, the Defendant had asserted counterclaim arising under the U.S. Constitution and various federal statutes. *Midfirst Bank*, 2013 WL 6196538. There the magistrate court entered a recommendation that the case be remanded, which was then accepted by this district. *Id.* In accepting the magistrate court's recommendation, this district stated

[6] *See* Doc. 35 at 10-13 (discussing Kentucky and North Carolina precedent that states AIA abrogated *Holmes Group* and demands that counterclaims based on federal patent law necessitate removal.)

that federal jurisdiction "exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal subject matter jurisdiction over a cause of action." *Id*. at *1 (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); and *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830-32 (2002)). Based on that analysis this Court determined that under 28 U.S.C. § 1447 (c) this case should be remanded. *Id*. Further, under similar circumstances, this district in *Savannah Midtown*, stated: "[i]t is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action." *Savannah Midtown, LLC*, 2013 WL 6196559 at * 1. These cases make it clear that this district still recognizes the *Holmes Group* rule and has not held that a federal law counterclaim can alone form the basis for the removal of an action based solely on state law claims.

After previously briefing this Court on the *Holmes* Rule, but unsuccessfully, the Defendants now argue that the *Holmes* Rule is not applicable and the AIA altered the *Holmes* Rule for cases involving a counterclaim "arising under" patent law. However, the Defendants ignore this crucial "arising under" language. This

language has long been interpreted NOT to apply even when patent claims are undisputed to be involved. Cases decided within the Eleventh Circuit reaffirm these same principles and analysis which guided the Court's original analysis and which remain intact today:

> Rather, a state law claim "arises under" federal law if it is one of a special and small category of cases in which a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. As discussed below, this is not one of those cases.

*Bonnafant v. Chico's FAS, Inc.*, 2014 U.S. Dist. LEXIS 57849 (M.D. Fla. Apr. 25, 2014) (internal citations omitted). The federal district court went on to apply this strict, multi-prong standard and hold that the federal question presented in that case was not substantial enough to warrant federal jurisdiction: "[t]he federal question in the instant case requires the application of a well-settled body of law in a context that will not call into question the entire federal system. Thus, defendant's arguments as to the forward-reaching consequences of the federal question must be rejected. For all of these reasons, the disputed issue of federal law in this case is not "substantial" within the meaning of *Grable* and *Gunn*." So too here. Notably, the *Bonnafant* case was decided under under 28 U.S.C. § 1454.

Nonetheless, the Defendants ignore these cases and their import and look to other cases that are, when properly considered, no more availing. In *Andrews*, 2014 U.S. Dist. LEXIS 5299, the district court determined that the AIA, in creating

28 U.S.C. §1454, was intended to make sure federal patent and copyright issues were heard in state court when appropriate, it "does not fix open the federal courthouse doors for all defendants with a [patent law] counterclaim." *Id.* The motivation behind recognizing that §1454 was not a sure avenue to federal court for defendants in *Andrews* was to make it clear that the removal still had to be timely (which as discussed below, Emory's was not) and substantively proper. Furthermore, another concern – one that has long been recognized by the courts – is forum shopping. Here, it is improper to allow Defendants to assert long-anticipated and well-anticipated counterclaims, only after their first attempt to removal failed, in order to deprive Plaintiff of its right to select the forum in which to bring suit.

Therefore, since this Court has already held that neither the Complaint nor Defendants' then proposed counterclaims provide a basis for removal of this action, there is no need to revisit that issue and this Court should not allow Defendants to circumvent its original Remand Order. Further, even if this Court chooses to revisit the issue of remand, the law does not demand that this case be removed based on Defendants' counterclaims alone. The law still looks to the well-pleaded complaint rule and has not considered the AIA's supposed abrogation of that well-settled rule. Thus, TCT's Second Motion for Remand should be granted.

**B. REMAND UNDER 28 U.S.C. §1454 IS PROPER**

Remand is proper because under § 1454 a defendant's removal must be done in accordance with 28 U.S.C. § 1446, and here Emory has failed to comply with those standards. As previously addressed in TCT's initial Motion for Remand, Defendants' second Removal was untimely, as it filed more than 30 days from the date that the First Remand Order was entered by this Court. Further, under § 1454(d) remand of this case is proper.

***1. Defendants' Removal Was Untimely***

As thoroughly briefed in TCT's second Motion for Remand, Defendants' second removal attempt was untimely under 28 U.S.C. § 1446(b)(3). Indeed, even if this Court determines the triggering document under 28 U.S.C. § 1454 was this Court's Order to Remand, Defendants' Second Notice of Removal was still untimely. Emory claims that the First Remand Order was entered on March 3, 2014, however, that Order is dated February 28, 2014. [Doc. 27.] Defendants did not file their Second Notice of Removal until April 2, 2014, more than 30 days after the date of the Remand Order that Defendants themselves claim is the triggering document under 28 U.S.C. § 1454. Thus, even under Defendants' calculations, their Second Notice of Removal did not fall within the 30 day time period set forth under 28 U.S.C. § 1446(b)(3).

Defendants also request in a footnote to their Second Response that if this Court determines that their Second Notice of Removal was untimely, that this

Court exercise its discretion and extend the time which Defendant had to file a Second Notice of Removal. Such an extension is not warranted where the defendants do not satisfy their affirmative burden to exercise vigilance in timely recognizing a basis for removal of an action. *Tabor v. Willey*, 2001 U.S. Dist. LEXIS 10445 *7 (N.D. Iowa 2001). Here, even before the Remand Order was entered by this Court in late February, Defendants were aware that they might assert counterclaims, as evidenced by their initial briefings to this Court. Missing the generous 30 day deadline for a Second Notice of Removal is not excusable.

***2. Remand is Proper Under 28 U.S.C. § 1454(d)***

As laid out in detail in TCT's Second Motion for Remand to this Court, subsection (d) provides: "[i]f a civil action is removed solely under this section, the district court (1) shall remand all claims that are neither a basis for removal under subsection (a) nor within the…jurisdiction of the district court…and (2) may, under circumstances provided in section 1367(c), remand all claims within the supplemental jurisdiction of the district court under section 1367." 28 U.S.C. § 1454(d)(1)-(2). As the only claims that could possibly provide a basis for removal, although TCT contends that they do not, would be Defendants' counterclaims, all other claims in this matter should be remanded. Further, the considerations under § 1367(c), as outlined in TCT's previous briefing to this court, mandate remand.

District courts may decline to exercise supplemental jurisdiction and remand a claim if: (1) it "raises a novel or complex issue of State law," (2) it "substantially predominates over the claim or claims over which the district court has original jurisdiction," (3) "the district court has dismissed all claims over which it has original jurisdiction," or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C.S. § 1367 (c); 28 U.S.C.S. §1454(a), (d) (2). ***Any one*** of these factors "is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. Ga. 2006) (citation omitted). As previously briefed to this Court, this case not only presents novel and complex issues of state law, but the state law claims also clearly predominate over any ancillary federal law counterclaim. Important to this consideration is the rule that "the question of who owns patent rights, **and on what terms**, typically **is a question exclusively for state courts** and not one arising under United States patent laws." *International Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1329 (Fed. Cir. 2001); *BSI*, 733 F.2d at 1570-1571; *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997); *Kitaru Innovations Inc. v. Chandaria*, 698 F.Supp.2d 386 (S.D.N.Y. 2010); *Akazawa v. Link New Technology Intern., Inc.*, 520 F.2d 1354, 1357 (8th Cir. Minn. 2008).

Contrary to Defendants' contention, 28 U.S.C. § 1454 does not necessitate the removal of this action. Defendants' Second Notice of Removal was untimely and no extension should be granted by this Court to reward their lack of vigilance. And second, even if this Court determines Defendants' Second Notice of Removal was timely, subsection (d) provides that at least the original Complaint, or as TCT argues, the entire case, should be remanded.

### C. SOVEREIGNTY ISSUE

Among its many and varied arguments, Emory also attempts to argue that the State of Georgia can waive its sovereign immunity rights. Though remand is proper regardless of any such waiver, notably, this is yet another hypothetical argument given that the State of Georgia has not stated that it was waiving its immunity in this matter.

## III. CONCLUSION

For all of the reasons detailed above and in Plaintiff's initial Brief, Emory fails to carry its burden to show that removal was proper based solely upon ancillary counterclaims motivated by its desire to forum shop. Because Plaintiff is the master of the Complaint, Defendants' Second Notice of Removal was untimely, and discretionary considerations under federal law merit remand, Plaintiff respectfully requests that this Court again remand this case.

Respectfully submitted, this 19th day of May, 2014.

*/s/ John W. Crongeyer*
John W. Crongeyer
Georgia State Bar No. 197267

**CRONGEYER LAW FIRM, P.C.**
2170 Defoor Hills Road
Atlanta, GA 30318
Telephone: (404) 542-6205
Facsimile: (404) 872-3745
jwc@birdlawgroup.com

*/s/ Kristen L. Beightol*
William Q. Bird
Georgia State Bar No. 057900
Kristen L. Beightol
Georgia State Bar No. 425814

**BIRD LAW GROUP, P.C.**
2170 Defoor Hills Road
Atlanta, GA 30318
Telephone: (404) 873-4696
Facsimile: (404) 872-3745
wqb@birdlawgroup.com
klb@birdlawgroup.com

*/s/ J. Robert Howard*
J. Robert Howard
Georgia State Bar No. 370900

2393 Montview Drive, N.W.
Atlanta, GA 30305
Telephone: (404) 367-9924
Facsimile: (404) 351-8997
Jrh2393@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed a copy of the foregoing *PLAINTIFF'S REPLY TO DEFENDANT EMORY UNIVERSITY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (AND DEFENDANTS GEORGIA TECH RESEARCH CORP., GEORGIA TECH FOUNDATION, INC. AND VINOD H. THOURANI, M.D.'s JOINDER)* with the Clerk of Court using the CM/ECF system and served a copy upon counsel for Defendants by electronic filing as follows:

Joel D. Bush II
C. Allen Garrett, Jr.
Robert E. Buckley
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528

Jill Warner
Michael E. Brooks
McRae Brooks Warner LLC
1175 Peachtree Street, NE
100 Colony Square, Suite 2100
Atlanta, Georgia 30361

Holmes J. Hawkins, III
James J. Mayberry
Amy Yervanian Jones
Andrew Mutter
King & Spalding
1180 Peachtree Street, NE
Atlanta, Georgia 30309

Julie Adam Jacobs
Senior Assistant Attorney General
W. Wright Banks, Jr.
Deputy Attorney General
Department of Law, State of Georgia
40 Capitol Street, S.W.
Atlanta, Georgia 30334-1300

*Signature appears on the following page*

This 19th day of May, 2014.

*/s/ John W. Crongeyer*

John W. Crongeyer
Georgia State Bar No. 197267

Crongeyer Law Firm, P.C.
2170 Defoor Hills Road
Atlanta, GA 30318
Telephone: (404) 542-6205
Facsimile: (404) 872-3745
jwc@birdlawgroup.com

**Font Certification**

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing document was prepared using Times New Roman 14 point type as provided in Local Rule 5.1C.

*/s/ John W. Crongeyer*

John W. Crongeyer
Georgia State Bar No. 197267

Crongeyer Law Firm, P.C.
2170 Defoor Hills Road
Atlanta, GA 30318
Telephone: (404) 542-6205
Facsimile: (404) 872-3745
jwc@birdlawgroup.com