IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EMORY UNIVERSITY and GEORGIA TECH RESEARCH CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>OMAR M. LATTOUF, M.D., PH.D.,<br><br>Defendant. | : | CIVIL ACTION NO.<br>1:14-CV-00981-AT |

**ORDER**

This matter is before the Court on Defendant's Motion for Reconsideration [Doc. 52]. Back in September 2014, the Court was unconvinced that a case or controversy between the parties was of sufficient moment to warrant jurisdiction. (Doc. 42.) Plaintiffs' asserted basis for jurisdiction is their request for a declaratory judgment concerning the inventorship, under 35 U.S.C § 256, of two of their patents. Unconvinced that inventorship under 35 U.S.C. § 256 was contested, the Court ordered then-Plaintiff Transcardiac Therapeutics, Inc. ("Transcardiac") and then-Third-Party Defendant Dr. Omar Lattouf to state whether they "[are] not making, and shall not make, any inventorship claim pursuant to 35 U.S.C. § 256 with regard to any patent identified in [Emory's] Counterclaim." (*Id.*) Transcardiac stated just that, (Doc. 46), while Dr. Lattouf refused to do so. (Doc. 49.) Emory's counterclaim against Transcardiac was

dismissed — and all of Transcardiac's state law claims against Emory and others were remanded — because the Court lacked jurisdiction. (Doc. 50.)

Based on the Court's decision, Dr. Lattouf had a change of heart and notified the Court that he was "prepared to stand down and waive any potential inventorship claim for the two specified patents." (Doc. 52.) He moved for the Court to reconsider its prior Order and dismiss the counterclaim against him, too. (*Id.*) The parties subsequently filed a Joint Preliminary Report and Discovery Plan ("JPR") in which Plaintiffs indicated that another patent, U.S. Patent No. 8,858,489, was also at issue. (Doc. 55 at 13.) In the name of judicial economy, the Court directed Defendant Lattouf "to state whether he is not making, and shall not make, any inventorship claim pursuant to 35 U.S.C. § 256 with regard to U.S. Patent No. 8,858,489." (Doc. 61 at 1.) Defendant Lattouf indicated that he is not and shall not. (Doc. 62.)

## I. RECONSIDERATION

"Local Rule 7.2 provides that motions for reconsideration are not to be filed 'as a matter of routine practice,' but only when 'absolutely necessary.'" *Fults v. Upton*, No. 3:09-CV-86-TWT, 2011 WL 530384, at *1-2 (N.D. Ga. Feb. 4, 2011) (citing L.R. 7.2E, NDGa). In order to move for reconsideration, at least one of the following must have occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice." *Godby v. Electrolux Corp.*, No. 1:93–CV–0353–ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).

Defendant Lattouf has provided the Court with new evidence. In particular, he has now stated that he is not making, and shall not make, any inventorship claim pursuant to 35 U.S.C. § 256 with regard to any of the patents identified by Plaintiffs in this lawsuit. This new evidence entails material changes in the legal posture of the case and is proper grounds for reconsideration. The Court therefore will reconsider its Order denying remand as to the claims against Defendant Lattouf.

## II. MOOTNESS

As the party seeking declaratory judgment jurisdiction, Emory bears the burden of establishing that "an 'actual controversy' [exists] not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). "The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1329 (Fed. Cir. 2014) (quoting 28 U.S.C. § 2201(a)). "[T]o demonstrate a sufficient controversy for a declaratory judgment claim that satisfies the requirements of Article III, 'the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient

immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

To be clear, "the Declaratory Judgment Act does not extend the jurisdiction of the federal courts." *Medtronic, Inc. v. Mirowski Family Ventures*, LLC, 134 S. Ct. 843, 848 (2014) (quotation omitted). Courts determining declaratory judgment jurisdiction examine whether "the character of the threatened action . . . would necessarily present a federal question." *Id.* (quotations omitted.)

As of the date of the Court's prior Order, Plaintiffs might have reasonably construed Defendant's position regarding the relevant patents as a potential threat to Plaintiffs inventorship claims. But that threat has been removed. Defendant has indicated that he waives any 35 U.S.C. § 256 claim with regard to all three patents identified by Plaintiffs. "A case or controversy must be based on a real and immediate injury or threat of future injury that is caused by the defendants — an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008).

To be more precise, after Defendant's recent statement, the case has become moot. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Nike*, 133 S. Ct. at 726 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).

"[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 727 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)). Defendant has clearly indicated that he will not challenge inventorship, under 35 U.S.C. § 256, of the three patents at issue and has legally waived such inventorship claims by virtue of his filings in this Court. It is "absolutely clear" to the Court that Defendant Lattouf challenging inventorship under § 256 "could not reasonably be expected to recur." *Id.*

The cases cited by Plaintiffs in this regard are unpersuasive. Defendant has not left the future uncertain by indicating that he merely "has no plan" to contest inventorship under § 256. *See* Doc. 65 at 10 (citing *SanDisk Corp. v. STMicro., Inc.*, 480 F.3d 1372, 1382-83 (Fed. Cir. 2007)). Nor is Defendant in the position to begin the wrongful conduct again, as was the case with the alleged infringer with a stockpile of allegedly infringing items – that it said it wished to sell again in the future. (Doc. 65 at 10 (citing *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009)). There is one statutory claim at issue, and Defendant has unambiguously stated that he waives any claim under that statute.

It is worth noting that Plaintiffs' Response also identifies an entirely new section of the statute that does not appear anywhere in their claims against Lattouf. They argue that "both of Dr. Lattouf's [responses to the Court's Orders]

leave open a third party defense [to patent enforceability] under 35 U.S.C. § 102(f)." (Doc. 65 at 14.) But Section 102 is not in dispute, and Plaintiffs did not indicate in the parties' JPR that they anticipate amending the pleadings to add anything about 35 U.S.C. § 102.

Lastly, Plaintiffs argue that Defendant Lattouf was in the position to end this litigation by signing a proposed consent judgment, and the fact that he refused is further evidence that he disputes inventorship under 35 U.S.C. § 256. The Court does not base its jurisdiction on whether or not a party refuses to enter into a broad consent judgment. (*See* Doc. 65-1 ¶¶ 21-22.) Rather, the Court must determine whether the Defendant has sufficiently demonstrated that the case or controversy recognized by the Court has become moot. *See Nike*, 133 S. Ct. at 726. Lattouf has unequivocally waived his right to pursue inventorship claims over the specific patents here, which are the sole grounds for Plaintiffs' declaratory judgment. Defendant's binding affirmation on the record is conclusive for the Court. It is "entirely speculative that any similar claim would arise in the future." *Id.* (citing *Deakins v. Monaghan*, 484 U.S. 193, 201 n.4 (1988)).

Accordingly, the Court reconsiders its Order of November 14, 2014 and finds that it lacks jurisdiction to hear Plaintiffs' inventorship claim against Defendant Lattouf. That claim is **MOOT**. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 26th day of January, 2015.

**Amy Totenberg**
**United States District Judge**